## DAVIDSON v DAVIDSON

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 23, 1932

James G. Hartwell, Youngstown, for plaintiff in error.

W. P. Barnum, Youngstown, for defendant in error.

ROBERTS, J

The only issue raised by the petition in error, or considered in briefs or oral argument is the weight of the evidence; in other words, whether the decision of the Court of Common Pleas was so manifestly against the decided weight of the evidence as to justify or require by this court a reversal of the decision of the lower court, or, to state the issue perhaps another way, this court is not authorized to weigh the evidence and can not reverse unless it is justified in inserting in the journal entry that substantial justice has not been done to the complaining party.

The hearing in the Court of Common Pleas occupied two weeks of time, and resulted in a bill of exceptions of over two thousand pages. Filed therewith are some fifty exhibits, some of them being group exhibits, so to speak, which include a large number of individual exhibits. Numerous exhibits are statements of accounts in banks and otherwise, complicated in their nature and difficult of determination.

The plaintiff below devoted ten long pages in his amended petition to a statement of the matters concerning which he claimed as constituting cause for divorce against the wife. He charged extreme cruelty, gross neglect of duty and adultery. Charges of similar character were made against the husband by the wife in her cross petition. It is the well known custom of this court to render oral decisions on issues which have been submitted, and this includes cases where the issue involves the weight of the evidence. It will be wholly apparent, however, that in this case, involving a consideration, as has been suggested, of the testimony comprising over two thousand pages, being the testimony of more than

forty witnesses, to go through this testimony in detail and endeavor to weigh it, item by item, determine the weight to be given to each accusation and defense thereto and ultimately size it all up with a logical conclusion as to on which side this evidence may be correctly determined to preponderate. Much time has been devoted by this court to a consideration of the evidence and the perusal and examination of the briefs. The briefs as originally filed constituted two hundred pages, and since the submission of the case some weeks ago, supplemental briefs seem to have been filed with considerable regularity until as late as last evening. Some appreciation may be acquired of the labor involved in consideration of this case, concerning which no complaint is made, but to give a little better understanding of the impossibility of going further and determining it otherwise than as a general conclusion.

This court is asked to reverse the decision of the Court of Common Pleas, which reads as follows:

"This cause coming on to be heard on the 5th day of May, 1930, and, thereafter and during the May term of this court, upon the issues as made by the pleadings herein and the evidence adduced thereunder in open court.

On consideration thereof, and the court being fully advised in the premises, finds that the plaintiff, Samuel Davidson, and the defendant, Regina Fox Davidson, at the time of the filing of the petition and cross petition herein, were and had been bona fide residents of the state of Ohio for thirteen years next prior thereto, and were at the time of filing of the said petition, and for at least thirty days immediately preceding the same, bona fide residents of Mahoning County, Ohio, and that the said parties were married on the 8th day of October, 1926, as alleged in said petition, and that no children have been born of said marriage."

Those are the only things now recollected upon which these parties do agree, that there never were any children, that they are residents of this county and were married at the time specified.

"The court further finds that the parties herein have been served upon the amended petition and amended answer and cross petition, as required by law, and personally appeared in open court, and by counsel.

The court finds that the defendant, Regina Fox Davidson, has been guilty of extreme cruelty, and of gross neglect of duty in her conduct towards the plaintiff, as set forth in the plaintiff's amended petition, each and both of which were a violation by the defendant of her marital duties and obligations, by reason of which, the plaintiff is entitled to be divorced from the defendant.

It is therefore ordered, adjudged and decreed that the marriage relations heretofore existing between the parties be and the same are hereby dissolved, and the plaintiff be and he hereby is granted a decree of divorce from the said defendant on the grounds of extreme cruelty and gross neglect of duty.

The court further finds that the allegations of the defendant's cross petition are not sustained by the evidence, and therefore, the cross petition of the defendant is hereby dismissed.

The court further finds that the defendant herein, Regina Fox Davidson, is the owner of a certain real estate and real property, title to which is in her name, and which real estate and real property are described as follows."

Then follows a description of some ten different tracts of real estate.

"The court further finds that the approximate value of all of the real estate and real property now owned by Regina Fox Davidson, the defendant herein, is of the sum of $60,000.00.

It appearing to the court by the plaintiff's petition that he has specifically asked the court to bar him of his dower in all of the real property belonging to the defendant herein, it is therefore ordered, adjudged and decreed that Samuel S. Davidson, the plaintiff, be and he is hereby barred from any and all right of dower in all of the real property belonging to the defendant.

It appearing to the court that the plaintiff herein is the owner of little or no property, and the defendant herein is the owner of lands and personal property of the value of about $65,000.00, and having due regard for all the circumstances of the parties herein, the court finds that the plaintiff is entitled to have allowed to him a sum of money out of the estate of the defendant, payable, to the said plaintiff by the said defendant, in gross.

It is further ordered, adjudged and decreed, that the plaintiff herein recover of the defendant the sum of $4500.00 in money out of the defendant's estate, for which said sum judgment is hereby rendered against the defendant and in favor of the plaintiff."

And it was further ordered that defendant pay the costs.

These parties were husband and wife for a period of about two years prior to the

commencement of an action for divorce, and it may well be realized that their marital infelicity prevailed to a considerable extent, when during that period of time, and during about half of which they lived together, they were able to accumulate matter in an attack upon each other to the extent of two thousand pages herein before mentoned. Their married life resulted in repeated separations. On one occasion, to illustrate, as testified to by the wife, after an estrangement and separation for a considerable time there was a reconciliation, and the first evening they seemed to have eaten their dinner amicably and sat down by the fireside, and in a few minutes an argument arose, resulting, as is claimed by the wife, in considerable violence, and the husband, although not denying that trouble ensued, fixes it as of a little later date.

There is no question whatever in this case concerning the mental attitude of extreme hostility of this man and woman towards each other. It is the general policy of the law that reconciliations in marital relations and a continuation of that relation is favored. However, such a proposition would be impossible of consideration in this case. I remember that Washington Irving, in one of his works, speaks of the relations existing between the Moors and the Spaniards, and he remarks that they hated each other with a pure and holy hatred. The hatred of the parties to this action was of a different kind; in fact, it seemed that whenever they came together there was an effervescence like an acid and an alkili. The evidence involves a great many charges of physical violence, of verbal vituperation, involving abuse, profane language, the slandering of each other by declarations made to the public and otherwise, interference with social standing and business affairs, which, as suggested, can not be gone into or considered in detail.

It is very evident that Judge Carter, who heard this case, was extremely patient and gave careful consideration to the issues so far as the proposition of property is concerned. It seems to be quite evident that after the marriage, without going into specifications, that the husband's property gradually and with considerable rapidity declined, and the wife's increased perhaps to a substantial extent, with the result, as we think, as was apparently indicated by the decree of the Court of Common Pleas, that she was the owner of some $65,000.00 of personal and real property, and that the husband was substantially without means.

It is quite clear, in fact not disputed by the evidence, that the husband prior to the marriage, and some time thereafter, conveyed considerable property to the wife, once in the sum of $500 and again in the sum of $10,000, upon an agreement that the same should be returned within a specified time. We think that the conclusion of the court with regard to the property relations was justified by the evidence, and it is sufficient in conclusion to say that we find no reversible error. We are not able to say that substantial justice was not done, or that the decision of the Court of Common Pleas was against the decided weight of the evidence, and considering the effect of this prolonged litigation upon these parties, the fact that its salacious details have been a matter of public notoriety, we think that the sooner this case reaches the point suggested by the late lamented Grover Cleveland of inocuous desuetude the better the result will be. The judgment of the Court of Common Pleas is affirmed.

FARR and POLLOCK, JJ, concur.